-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIJAH BELL,

        Plaintiff,

    -v-

LIEUTENANT LASACALI, et al.,

        Defendants.

**DECISION and ORDER**
08-CV-0278A(F)

---

Plaintiff, Elijah Bell, an inmate at the Wende Correctional Facility, filed a pro se action seeking relief under 42 U.S.C. § 1983 and the American with Disabilities Act, 42 U.S.C. 12131 *et seq.*, alleging in a lengthy, mostly illegible Complaint that his rights were violated by Defendants, more than 30 in all, who are or were employees and officials of the New York State Department of Correctional Services. The Complaint appears to allege, *inter alia*, that Plaintiff's rights were violated when he made numerous complaints and filed numerous grievances at Wende regarding staff misconduct and his housing conditions. Plaintiff appears to also allege that his mail was interfered with, his grievances and complaints were ignored, and that he was assaulted and harassed and denied due process in retaliation for his repeated complaints and grievances.

In a previous Order, the Court (Siragusa, J.) granted Plaintiff permission to proceed *in forma pauperis* and found that, based on the manner in which the Complaint was written, it was difficult to parse Plaintiff's claims to determine whether he could state a claim upon which relief can be granted against any of the Defendants. The Court therefore directed that if Plaintiff did not file an Amended Complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure, his claims in this action would be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B) and 1915A. See *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an attempt to explain to Plaintiff what he should do, the Court directed Plaintiff to separate his claims into paragraphs and to include in each paragraph the date of the specific incident in question, explain what happened during the incident, and identify which Defendants were involved in the incident and how each Defendant was involved. The Court even provided Plaintiff with an example of how he should plead his allegations: [W]ith regard to [P]laintiff's claims under the American with Disabilities Act ("ADA"), [Plaintiff] should state how his rights under the ADA were violated, and the how the particular [D]efendants violated those rights." (Docket No. 3, Order, at 2-5.)

Plaintiff has filed an Amended Complaint. But he has not complied with the instructions and directions provided in the Court's initial Order. Moreover, the Amended Complaint is twice as lengthy (at least two to three inches thick and not paginated) and is again mostly illegible and indiscernible. This is not simply a case where the pro se pleading is poorly drafted and confusing; the Amended Complaint cannot be deciphered. No court or defendant could determine from this Amended Complaint whether it contains claims upon which relief can be granted under § 1983 or the ADA.

In addition to its length, the Amended Complaint is illegible, likely because Plaintiff has drafted it with a felt-tip pen. The result is that the Court cannot properly evaluate the Amended Complaint, nor are Defendants put on notice of the allegations against them. See *Salahuddin*, 861 F.2d at 42 (The purpose of Rule 8's "short and plain statement" rule is to provide defendant with fair notice of the claims against him and to enable him to answer the complaint and prepare for trial). A complaint fails to comply with Rule 8(a)(2)

if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. This is just such a complaint.

The Court is cognizant of the Second Circuit's recent decision in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-92 (2d Cir. 2008), in which the Court found it was error for a district court to issue specific instructions or directions "mandating the content and format" of an amended complaint and then dismissing the amended complaint for its failure, in part, to comply with those instructions.

> We see nothing wrong with the suggestion that, as a matter of "best practices" or general guidance offered to all pro se litigants, plaintiffs should be asked to organize their complaints along these lines. Regardless of the best intentions of the District Court to organize a court file to facilitate prompt and effective review of plaintiff's claims, a threat to dismiss the action for failure to comply with these requirements is another matter altogether.

*Id.* at 192.

This Court, therefore, despite the instructions provided to Plaintiff in its initial Order (Docket No. 3), will not dismiss the Amended Complaint on the basis that Plaintiff did not follow the Court's directions or instructions as to how the Amended Complaint should be drafted. Rather, the Court will provide Plaintiff one additional opportunity to file a Second Amended Complaint so that he can set forth a "short and plain statement of the claim[s] showing that the [Plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Accordingly, Plaintiff will be provided one more opportunity to file a Second Amended Complaint to set forth in a short and plain statement the nature of his claims against the Defendants. **Plaintiff is strongly encouraged to organize his Second Amended Complaint along these lines: (1) the Second Amended Complaint should contain separately numbered paragraphs which shall specify (i) the alleged act or**

acts of misconduct, (ii) the name of each individual Defendant who participated in such misconduct, and (iii) the connection or nexus between the alleged misconduct and Plaintiff's constitutional rights or rights under the ADA; (2) the Second Amended Complaint should contain facts which, if proven, would establish that the Defendants were personally involved in the alleged constitutional violations or violations of the ADA; and (3) the Second Amended Complaint should contain facts that indicate how Plaintiff was harmed or injured by the alleged misconduct. Plaintiff shall also avoid using a felt-tip marker or writing utensil, and he **must write more legibly** because the Court cannot decipher the Complaint and Amended Complaint as written.

Plaintiff is also instructed that he must **STOP** forwarding to the Court what appear to be complaints or grievances that he has submitted at Wende or to the Department of Correctional Services. The complaints or grievances, which are many, are forwarded to the Court with no discussion of what they are or how, if at all, they are relevant to the allegations pleaded in the Complaint or Amended Complaint, or if they are intended to be part of the allegations in this matter. Plaintiff must include any and all allegations that he is presently aware of in the Second Amended Complaint, and if he wishes, he may attach as exhibits to the Second Amended Complaint copies of any complaints, grievances or other documents that support his claims in the Second Amended Complaint.

IT IS HEREBY ORDERED, that Plaintiff is granted leave to file a Second Amended Complaint as directed above by **December 19, 2008**;

FURTHER, that the Clerk of the Court is directed to send to Plaintiff with this Order a copy of the Amended Complaint (Docket No. 4), a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file a Second Amended Complaint by **December 19, 2008**, this action shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event this action is dismissed because Plaintiff has failed to file a Second Amended Complaint by **December 19, 2008**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event this action is dismissed because Plaintiff has failed to file a Second Amended Complaint by **December 19, 2008**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: October 26, 2008
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge