UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



-PS-O-

ELIJAH BELL 05A1436,

        ELIJAH BELL,

    -v-

DECISION AND ORDER
08-CV-0278A

Lasaceli, et all,

        Defendants.

## INTRODUCTION

Plaintiff, Elijah Bell, currently an inmate at the Eastern Correctional Facility, who at the time of the events alleged in this action was an inmate at the Wende Correctional Facility, filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and the Americans with Disabilities Act, 42 U.S.C. 12131 *et seq.*, and was granted permission to proceed *in forma pauperis*. (Docket No. 3).

Upon review of the original Complaint (Docket No. 1), pursuant to 28 U.S.C. § 1915 e(2)(B) and 1915A, the Court found that, based on the manner in which the complaint was written, it was virtually impossible to read and understand and to determine whether the Plaintiff stated a claim upon which relief could be granted against any of the Defendants. The Court therefore directed Plaintiff to file an Amended Complaint that was legible and complied with Rules 8 and 10 of the Federal Rules of Civil Procedure, and logically and coherently set forth the factual bases of his claims. The Plaintiff was placed on notice that his failure to file an amended complaint as directed-- *i.e.*, legibly and in compliance with Rules 8 and 10--, would result in the dismissal of this action

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. (Docket No. 3, Order) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Plaintiff filed a First Amended Complaint (Docket No. 4), which "completely ignored in all respects the instructions and directions provided in the Court's initial Order (Docket No. 3) and was twice as lengthy (at least two to three inches thick and un-paginated) and, again, mostly illegible and indiscernible." (Docket No. 8, Order at 2). The Court, rather than dismissing the Amended Complaint, pursuant to 28 U.S.C. § 1915 e(2)(B) and 1915A, for again failing to comply with Rule 8's "short and plain statement" rule, opted to provide the Plaintiff with an additional opportunity to amend his complaint to ameliorate its deficiencies and attempt to state a claim upon which relief could be granted. (Docket No. 8, Order at 3). *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir 2008) (stating that *pro se* litigants' complaints should be viewed liberally and that said litigants should be given the chance to amend their complaints as needed). The Court again directed that the Plaintiff's next (Second) Amended Complaint must comply with Rules 8 and 10 and set forth a short and plain statement of the claims against the Defendants. (Docket No. 8, Order).

## SECOND AMENDED COMPLAINT

Plaintiff has now filed a Second Amended Complaint (Docket No. 9), which, among other deficiencies, is prolix and mostly unintelligible. It is over 200 pages—100 plus pages longer than the First Amended Complaint—and purports to allege, as best the Court can discern, that the Defendants—employees and officials of the New York State Department of Correctioal Services ("DOCS")—violated his constitutional rights stemming from a whole host of complaints or grievances by way of "harassment, retaliations, discriminations, assaults...." The Second Amended Complaint names forty-two Defendants, and is an inordinately lengthy, impenetrable wall of

convoluted dates and grievances. To the extent the Court can even read and understand it, the Second Amended Complaint seems to allege that Plaintiff's mail, grievances, and grievance appeals are stolen and thrown away once he places them in the proper mailbox in retaliation for his recurring grievances against the staff at Wende.

Moreover, despite heeding the Court's directions to paginate the complaint, and include separate paragraphs and relevant dates, the sheer volume and lack of any logical or coherent organization of the Second Amended Complaint makes it, in the Court's opinion, simply impossible for either the Defendants or the Court to discern what the claims are.[1] *See Salahuddin*, 861 F.2d at 42 (The purpose of Rule 8's "short and plain statement" rule is to provide defendant with fair notice of the claims against him and to enable him to answer the complaint and prepare for trial). A complaint fails to comply with Rule 8(a)(2) if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. The Second Amended Complaint (Docket No. 9) certainly fits this criteria, even more so than the first two complaints.

While a court cannot dismiss a *pro se* complaint based solely on the plaintiff's failure to follow a court's specific instructions as to the complaint's "content and format," *Sealed Plaintiff*, 537 F.3d 185 at 191, it must be noted that the Second Amended Complaint (Docket No. 9), again, and emphatically fails to correct any of the fatal flaws of the original and First Amended Complaint. All it does is add page numbers and paragraphs, and provide a litany of dates for each of the over two hundred complaints and grievances made by Plaintiff against the staff at Wende. The Second

---

[1] For example, Plaintiff will often claim that his grievances concern the "same old discriminations and lies" made by Correctional Officers at the prison, yet, as far as the Court can determine, never signifies what the specific "lies" are.

Amended Complaint, after two earlier failed attempts, remains a continuous and unending stream of mostly illegible and unitelligible writing that the Court is simply unable to decipher or to make any real sense of.[2]

Because the Second Amended Complaint again, after two previous attempts, fails to even remotely comply with Rule 8's short and plain statement rule, his complaint must dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. *See Simmons*, 49 F.3d at 88; *Salahuddin*, 861 F.2d at 42.

It is well within a district court's discretion to deny leave to amend a prolix complaint if it is so voluminous and incomprehensible that no claims can be gleaned from it. *See Jones v. National Communications and Surveillance Networks*, No. 06-CV-1220, 266 Fed.Appx. 31, 2008 WL 482599 (2d Cir. 2008) (Summary Order) (stating that dismissing, pursuant to Rule 8, a plaintiff's 58 page, single-spaced complaint with 87 pages of attachments, alleging over twenty separate causes of action against more than 40 defendants was not an abuse of discretion). Plaintiff's Second Amended Complaint is similarly lengthy and rambling. *See also In re Merrill Lynch & Co., Inc.*, 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003) ("When a complaint is not short and plain, or its averments are not concise and direct, 'the district court has the power, on motion or *sua sponte*, to dismiss the

---

[2] As addressed below, Plaintiff is no stranger to the litigation process, and just recently in an action filed in the Northern District of New York Plaintiff was, like here, directed to file an amended complaint on the basis that the original complaint was

> nearly illegible ... and [did] not set forth a short and plain statement of the relief of the facts ... but, rather, [was] a listing of more than thirty grievances [plaintiff] filed at Eastern Correctional Facility since his arrival there on July 15, 2008 . . . Notwithstanding the Court's careful review of these pleadings, which are exceedingly difficult to read, it is impossible for the Court to determine if plaintiff can state a claim against each of the named defendants for the violation of his constitutional or statutory rights.

*Bell v. Fischer, Commissioner, et al.*, 9:09-CV-0008 (LEK) (Docket No. 7, Order, at 4). The Court also notes in said Order that several of plaintiff's grievances relate to his "mail being picked up by staff "while light off." (*Id.* at 4, n. 2). Some of the grievances set forth in the instant matter relate to the staff taking Plaintiff's mail and the lights being turned off.

complaint or to strike such parts as are redundant or immaterial.'") (quoting *Simmons*, 49 F.3d at 86).

Again, while the Court is fully cognizant that "the dismissal of a *pro se* claim as insufficiently pled is appropriate only in the most unsustainable of cases[,]" *Boykin v. KeyCorp.*, 521 F.3d 202, 216 (2d Cir. 2008), Plaintiff has been afforded two opportunities to amend his complaint and his most recent effort falls even further short of meeting Rule 8's pleading requirements than his earlier ones. Accordingly, the Second Amended Complaint must be dismissed. *See Higgins v. Plumbers and Gas Fitters, Local Union No. 1*, 08-CV-2521 (RRM) (LB), 2008 U.S. Dist. LEXIS 76610, at *3 (E.D.N.Y., Sept. 18, 2008).

## MATERIAL MISREPRESENTATIONS

In addition to the issues discussed above related to Plaintiff's repeated failures to present a coherent, logical and understandable pleading, Plaintiff made a fatal error in all three complaints, subjecting this action to dismissal pursuant to Fed. R. Civ. P. 11. All three complaints submitted by plaintiff (Docket Nos. 1, 4 and 9), make materially false representations regarding Plaintiff's litigation history. Section 4B of the form complaint Plaintiff had utilized for all three complaints in this action, asked Plaintiff: "Have you begun any other lawsuits in federal court which relate to your imprisonment?." Plaintiff answered "no" to this question each time. This answer is utterly and totally false.

While not mentioned by the Court in its first two Orders issued in this action, upon further review it has come to the Court's attention through its use of DOCS' Inmate Locator (http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130) and the PACER electronic database, U.S. Party/Case Index (https://pacer.uspi.uscourts.gov/cgi-bin/dquery.pl), that Plaintiff, Elijah Bell, has had three different DIN numbers (Department Identification Numbers) assigned to

him during three different periods of incarceration and has filed *at least* eight other cases in the United States District Courts in New York from 1989 until the filing of this action.[3] It should also be noted also that two of these cases were dismissed pursuant to U.S.C. § 1915 (d), the predecessor to 28 U.S.C. § 1915(e), for failure to state a claim, as well as two others for failure to prosecute under Fed. R. Civ. P. 41(b).

Generally, information about a *pro se* litigant's previous cases is material since it allows the Court to review any one the following issues: (1) if any of the issues in the current case had been previously litigated and decided, (2) if the plaintiff had, prior to being granted *in forma pauperis* status, garnered "three strikes" for purposes of 28 U.S.C. § 1915 (g), (3) if plaintiff has a record of frivolous litigation sufficient to warrant a "bar order" (an order preventing plaintiff from litigating further in that court without first meeting certain preconditions), and (4) if the plaintiff's litigation experience is so extraordinary that it dispenses of the need to afford him the full measure of special solicitude that is normally otherwise afforded to *pro se* litigants due to their inexperience in legal matters. *See Ifill v. Patterson, et al.*, 9:08-CV-1022 (GLS) (GHL) (Docket No. 4, Order and Report and Recommendation (N.D.N.Y., October 9, 2008).

While answering question 4B on the Form Complaint is not necessary to state a claim, Plaintiff, on three separate occasions, answered the question falsely and "swore" to the answer's

---

[3]The following cases were filed while plaintiff was incarcerated by DOCS under DIN Number 94-A-5230: *Bell v. New York City Dept. of Corr.*, 94-CV-06562 (TPG); *Bell v. Officer, Female*, 94-CV-06478 (TPG); *Bell v. Rosario*, 94-CV-04593 (KMW)(NRB); *Bell v. New York City Dept. of Corr.*, 94-CV-05137 (RWS); and *Bell v. Warden, O.B.C.C. Corr. Fac.*, 94-CV-06125 (KMW). The following case was filed while plaintiff was incarcerated by DOCS under DIN Number 05-A-1436: *Bell v. Coughlin*, 89-CV-01403 (RJA). The other two were filed presumably while Plaintiff was detained in a Local Jail under identification number 4410101699: *Bell v. Captain William*, 01-CV-08712 (MBM); and *Bell v. Captain William*, 01-CV-06656 (JG) (LB).

The Docket Sheets in each of these cases note the DIN number of the plaintiff and the DIN numbers match the DIN numbers assigned to Elijah Bell by DOCS as noted on the New York State Department of Correctional Services Website.

truthfulness in each complaint. *See* Fed. R. Civ. P. 11. Such a prevarication is an inexcusable misrepresentation to the Court and, in similar circumstances, other district courts have had no reservations about sanctioning *pro se* litigants for making such false statements.[4] Because Plaintiff has repeatedly misrepresented his litigation history to the Court--a significant one at that--, the Court finds that he has violated Fed. R. Civ. P. 11 and, therefore, this action will be dismissed, in the alternative, on that basis.

## CONCLUSION

For the reasons set forth above, Plaintiff's Second Amended Complaint (Docket No. 9) is dismissed pursuant 28 U.S.C. § 1915 (e)(2)(B) and 1915A. In the alternative, the Second Amended Complaint is dismissed on the basis that Plaintiff made repeated misrepresentations to the Court related to his prior litigation history.

---

[4]*See, e.g., Crum v. Dodrill*,06-CV-0586, 2008 WL 2357074, at *10 (N.D.N.Y. June 4, 2008) (Hurd, J., adopting, on *de novo* review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *McCloud v. Tureglio*, 07-CV-0650, 2008 WL 1772305, at *16 (N.D.N.Y. Apr. 15, 2008) (Mordue, C.J., adopting, on plain-error review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *12 (N.D.N.Y. March 17, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *13-14 (N.D.N.Y. Aug. 21, 2007) (Sharpe, J., adopting, on *de novo* review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *6, n.32 (N.D.N.Y. July 11, 2007) (McAvoy, J., adopting, on plain-error review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint) (collecting cases). *See also Greer v. Schriro*, No. 06-15537, 2007 WL 4163413, at *1 (9th Cir. Nov. 26, 2007) (affirming district court dismissal that was based on this ground); *Mathis v. Smith*, No. 05-13124, 181 Fed. Appx 808, 809-10 (11th Cir. May 17, 2006) (affirming district court dismissal that was based partially on this ground); *Hood v. Tompkins*, No. 05-16358, 197 Fed. Appx 818, 819 (11th Cir. Aug. 7, 2006) (affirming district court dismissal on this ground); *Hudson v. Fuller*, No. 02-1396, 59 Fed. Appx 855, 856-57 (7th Cir. Feb. 25, 2003) (affirming district court dismissal that was based on this ground); *Albright v. Holden*, 99 F.3d 1145 (9th Cir. 1996) (affirming district court th dismissal that was based on this ground); *accord, Dinkins v. Smalley*, 07-CV-0043, 2008 WL 160699, at *3, n.3 (S.D. Ga. Jan. 14, 2008) (adopting, on *de novo* review, magistrate judge's recommendation that plaintiff's complaint should be dismissed on this ground) (citing cases).

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED that this action is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 13, 2009
Rochester, New York